## JESSE KING *v.* SAMUEL DIETZ.

1. The certificate of final discharge is evidence, notwithstanding the other side had proved a certified copy of what purported to be the full and entire proceedings in bankruptcy, by which it did not appear that the bankrupt had obtained his final discharge.

2. The negligence of an assignee in bankruptcy in acting, does not enable his creditors to pursue his estate.

ERROR to the Common Pleas of Fayette.

*Oct.* 25. This was ejectment by Jesse King against Samuel Dietz. The facts of the case are fully reported in the opinion of this Court, with the exception of this, that the copy of the record of proceedings in bankruptcy *in re* Adam Dietz, given in as rebutting evidence by the plaintiff, was certified by the clerk and judge of the District Court, U. S., under date of 2d September, 1848, to be full and entire.

The Court below (GILMORE, President) charged the jury "that the deed of 20th September, 1842, to Samuel, transfers to him no title, having been made by Adam within two months of his application for the benefit of the bankrupt law; that it was made in contemplation of bankruptcy, and is therefore of no validity, and gives no title to Samuel.

" But the proceeding in bankruptcy invested the assignee of Adam with his whole estate, and nothing passed to plaintiff by virtue of his sale under his judgment. The defendant therefore being in possession, is entitled to hold it against every one, except the true owner of the title. It is a rule of law that the plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of that of his adversary; and it makes no difference how unfounded or fraudulent his possession may be, he can maintain it against all but the true owner, or one against whom, for some reason, he is estopped. The defendant here maintains his possession not on account of any virtue in himself, but because of the defect of the plaintiff's title. Your verdict therefore will be for the defendant."

Verdict for the defendant. The errors assigned were—

1. To the admission in evidence of the certificate of final discharge in bankruptcy of Adam Dietz.

2. To the whole of the last paragraph of the charge beginning " But the proceeding, &c., &c."

*Veech*, for the plaintiff in error.

1. The certified copy of the record, of the full and entire record, showed that no final discharge had been granted. The certificate of such discharge contradicted the record. To make it evidence between other parties, it must be authenticated, as other records are required to be.

2. What are the rights of creditors against the smuggled property of bankrupts? The aid of the bankrupt law can only be invoked under its authority by the assignee: Pellman *v.* Hart, et al., 1 Barr, 263; Wilkinson's Appeal, 4 Barr, 284; McAllister *v.* Richards, 6 Barr, 163; Bankrupt Law, §§ 3, 4, 5, 9, 10; Gregg *v.* Patterson, 9 W. & S. 203.

*Howell* and *Oliphant*, contrà.

1. By § 4, Bankrupt Law, the discharge and certificate shall be conclusive evidence, *per se*, in favour of bankrupt. By § 13, proceedings, though matter of record, not to be recorded at large: Berghaus *v.* Alter, 5 Barr, 508; Boas *v.* Hetzel, 3 Barr, 298. This last was a case between other parties. The certificate did not contradict the record—it showed that the petitioner got what the record showed he prayed for.

2. By § 3, Bankrupt Law, the decree of bankruptcy passes all the property of the bankrupt, "by mere operation of law, *ipso facto*, from the time of decree," to the assignee: In re Cheney, 5 Law Rep.; In re Greaves, Id. 25; In re Newbold, Id. 306; In re Allen, Id. 362.

The opinion of this Court was delivered by

BURNSIDE, J.—It is a well settled principle in our law, that a plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's: Walker *v.* Coulter, Addison, 40; Lane *v.* Raynard, 2 S. & R. 65; Covert *v.* Irwin, 3 S. & R. 288. Had the plaintiff any title? He obtained a judgment against Adam Dietz, under whom both parties claimed, on the 6th June, 1845, on a single bill, dated 30th January, 1841. He issued a *fi. fa.* to Sept. T., 1845, on which the property in question was condemned, and a *ven. ex.* to Dec. T. following, returned sold to Jesse King for $10. The sheriff's deed to King was acknowledged 9th December, 1845.

The defendant gave in evidence a deed to himself from his father, Adam Dietz, dated 20th April, 1842, and acknowledged the same

O

day, for the premises in question; the consideration of this deed was $50, to be paid in service.

The plaintiff then called witnesses to show that the conveyance from Adam to Samuel Dietz was fraudulent. He further gave in evidence the record of the District Court of the United States, No. 522, Oct. T., 1842, being the petition, &c., of Adam Dietz, of Fayette county, praying for the benefit of the bankrupt law of 19th August, 1841. The petition and schedule were sworn to on 13th October, 1842, presented and filed 23d January, 1843, and set down for hearing 3d April, 1843. On 26th May, 1843, the petitioner was declared a bankrupt, and R. P. Flenniken, of Uniontown, appointed assignee. On the 23d September, 1845, a petition for discharge and certificate were presented and filed, and the Court appointed 27th November following as the time of hearing. Here the record of the plaintiff ended. It was duly certified by the clerk and judge on 2d September, 1848.

Upon the parol evidence against and in favour of the honesty of the conveyance, I apprehend the dishonesty and fraud greatly preponderated. The plaintiff then gave the bankrupt schedule in evidence. The property returned was all personal. The defendant, to meet the plaintiff's rebutting evidence, offered in evidence the certificate of the final discharge of Dietz as a bankrupt, on 28th November, 1845. The plaintiff objected to the certificate; the objection was overruled by the Court, and this bill of exceptions forms the first alleged error. We think the Court was right in receiving the certificate in evidence. It was dated the day after the final hearing was appointed by the District Court. It completed the record of the proceedings in bankruptcy, and whether the clerk did his duty in making the entry of the final discharge on his docket, or neglected it, will not affect the proceedings or the certificate. The Act of Congress encourages looseness in these proceedings, authorizes the clerk to keep short memorandums, and dispenses with a full record. The certificate of bankruptcy is made evidence, and can only be impeached in cases of fraud. Congress have made it evidence in all courts of judicature. It is contended that the bankrupt made a fraudulent return in omitting the land in question. I think this is most probably true, but that does not help the plaintiff; for, by section 2 of the bankrupt law, the decree in bankruptcy vests all the bankrupt's property, real, personal, and mixed, of every name and nature, by operation of the law in the assignee; the decree divested the bankrupt's estate and vested it

*ipso facto* in his assignee. That decree was made by the District Court on 26th May, 1843, when Mr. Flenniken was appointed his trustee. He was the person to look after the land in question. The plaintiff's debt was provable under the bankrupt law, and he was entitled to a *pro rata* dividend. The negligence of the assignee in acting did not enable Mr. King to pursue the bankrupt's estate. I apprehend the creditors might have had another assignee appointed, if they had chosen to attend to it. The able argument of the learned counsel of the plaintiff would have been well addressed to the Congress of the United States against the passage and loose provisions of the bankrupt law; we have no power to remedy the crying evils it produced.

Judgment affirmed.